**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| AKAMATSU TAKAYOSHI,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUAL, CORPORATION,<br>LIMITED LIABILITY COMPANY,<br>PARTNERSHIP AND UNINCORPORATED<br>ASSOCIATION IDENTIFIED ON SCHEDULE<br>A HERETO,<br><br>    Defendant. | Case No. 26-cv-7890<br><br>Judge |

**COMPLAINT**

Plaintiff, AKAMATSU TAKAYOSHI ("Plaintiff" or "KANAHEI"), by undersigned counsel, hereby complains of the Individual, Corporation, Limited Liability Company, Partnership and Unincorporated Association identified on Schedule A attached hereto ("Defendant"), and hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101 et seq.*;* 28 U.S.C. § 1338(a) - (b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet store operating under the Defendant Online Marketplace Account identified in Schedule A attached hereto (the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyright. The Defendant has targeted sales from Illinois residents by operating at least one online store that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyright to residents of Illinois. On information and belief, Defendant sold an infringing product to a customer with an address located in the Northern District of Illinois on May 6, 2025 and agreed to ship the product to the same address. The Defendant is committing tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**INTRODUCTION**

3. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's PISKE & USAGI Copyright, which is covered by U.S. Copyright Registration No. VA 2-031-727 (the "PISKE & USAGI Copyright"). The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the copyright registration certificate is attached hereto as Exhibit 1, respectively.

4.      The Defendant created at least one Defendant Internet Store and designed it to appear to be selling genuine Plaintiff's products, while selling inferior imitations of Plaintiff's products. The Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its illegal infringing operation. Plaintiff is forced to file this action to combat Defendant's infringing of Plaintiff's registered Copyright, as well as to protect unknowing consumers from purchasing unauthorized PISKE & USAGI products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable copyright as a result of Defendant's actions and seeks injunctive and monetary relief.

5.      This Court has personal jurisdiction over the Defendant, in that the Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which the Defendant stands accused were undertaken in Illinois and in this Judicial District.  In addition, the Defendant has offered to sell and ship infringing products into this Judicial District. On information and belief, Defendant sold an infringing product to a customer with an address located in the Northern District of Illinois on May 6, 2025 and agreed to ship the product to the same address.

**THE PLAINTIFF**

6.      Plaintiff is in the business of developing, marketing, selling and distributing PISKE & USAGI products.  KANAHEI is one of the most popular sticker illustrators on LINE and her illustrations became popular when she joined the LINE Creators Market. KANAHEI's popular illustrations consist of simple yet cute cartoons of rabbits, chicks and small animals named Piske & Usagi, displaying different emotions and characters. AKAMATSU TAKAYOSHI is the official source of PISKE & USAGI products:

https://www.blippo.com/kanahei



7.   Plaintiff AKAMATSU TAKAYOSHI is the exclusive licensee of U.S. Copyright Registration No. VA 2-031-727. A true and correct copy of the copyright registration is attached hereto as Exhibit 1.  (the "PISKE & USAGI Copyright").

8.   The PISKE & USAGI Copyright has been the subject of substantial and continuous marketing and promotion by Plaintiff.  Plaintiff has and continues to widely market and promote the PISKE & USAGI Copyright in the industry and to consumers.  Plaintiff's promotional efforts include — by way of example, but not limitation — substantial print media, the KANAHEI website and social media sites, and point of sale materials.

9.   The PISKE & USAGI Copyright is distinctive and identifies the merchandise as goods from Plaintiff.

10.   Plaintiff has expended substantial time, money, and other resources in developing,

4

advertising, and otherwise promoting its Copyright. As a result, products bearing the Copyright are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

**THE DEFENDANT**

11. Defendant is an individual and business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant conducts business throughout the United States, including Illinois and within this Judicial District, through the operation of the fully interactive commercial website and online marketplace operating under the Defendant's Internet Store. The Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing PISKE & USAGI products to consumers within the United States, including Illinois and in this Judicial District. On information and belief, Defendant sold an infringing product to a customer with an address located in the Northern District of Illinois on May 6, 2025 and agreed to ship the product to the same address.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

12. The success of Plaintiff's brand has resulted in infringement. Plaintiff has identified numerous online marketplace accounts linked to fully interactive websites and marketplace listings on platforms such as Amazon, PayPal and Payoneer, including the Defendant's Internet Store, which was offering for sale, selling, and importing infringing PISKE & USAGI products to consumers in this Judicial District and throughout the United States. Defendant has persisted in creating the Defendant's Internet Store. Internet websites like the Defendant Internet Store are estimated to receive tens of millions of visits per year and generate over $135 billion in annual online sales. According to an intellectual property rights seizures

statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in 2025 was over $7.4 billion, up from $5.4 billion in 2024. According to a 2021 study on the impact of the sale of fraudulent goods entitled "The Counterfeit Silk Road - Impact of Counterfeit Consumer Products Smuggled into the United States" (the 2021 study), Internet websites like the Defendant Internet Store are also estimated to contribute to over 653,000 lost jobs for legitimate businesses and broader economic damages such as lost wages in an amount over $36 billion and a loss of federal and state tax revenue of over $13.5 billion every year.

13. Upon information and belief, Defendant facilitates sales by designing the Defendant's Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine products. The Defendant's Internet Store looks sophisticated and accepts payment in U.S. dollars via credit cards, Amazon Pay, PayPal and Payoneer. Defendant's Internet Store includes images and design elements that make it very difficult for consumers to distinguish it from an authorized website.

14. Plaintiff has not licensed nor authorized Defendant to use its PISKE & USAGI Copyright, and the Defendant is not an authorized retailer of genuine PISKE & USAGI products.

15. Upon information and belief, Defendant deceives unknowing consumers by using the Plaintiff's Copyright without authorization within the content, text, and/or meta tags of its websites to attract various search engines looking for websites relevant to consumer searches for Plaintiff's products. Additionally, upon information and belief, Defendant uses other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant's Internet Store listing shows up at or near the top of relevant search results and misdirects consumers searching for Plaintiff's genuine products. Further, Defendant utilizes similar

illegitimate SEO tactics to propel new online marketplace listings to the top of search results after others are shut down.

16. Defendant goes to great lengths to conceal its identity and uses fictitious names and addresses to register its Internet Store. For example, Defendant's physical address used to register its Online Marketplace Account is incomplete and is registered to a hotel. Upon information and belief, some of the tactics used by the Defendant to conceal its identity and the scope and interworking of its infringement operation to avoid being shut down include regularly creating new websites and online marketplace accounts on various platforms using the identity listed in Schedule A to the Complaint, as well as other fictitious names and addresses.

17. In addition to operating under a fictitious name, Defendant in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, when infringers like Defendant receive notice of a lawsuit they will often register new online marketplace accounts under new aliases and move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. The 2021 study indicated that the Internet has fueled explosive growth in the number of small packages of counterfeit goods shipped through the mail and express carriers. This growth closely correlates to the growth of the ecommerce industry which now make up 16.4% of all retail transactions as reported by the Census Bureau of the U.S. Department of Commerce. According to the Department of Homeland Security's 2024 Intellectual Property Rights Seizures Report, the vast majority of Intellectual Property Rights

seizures continue to take place within the express consignment and mail shipping methods. 97% of all cargo seizures were made in de minimis shipments.

18. Further, infringers such as Defendant typically operate multiple credit card merchant and Amazon, PayPal and Payoneer accounts behind layers of payment gateways so that they can continue to operate in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendant maintains offshore bank accounts and regularly moves funds from its Amazon, PayPal and Payoneer accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of Amazon, PayPal and Payoneer transaction logs from prior similar cases indicate that offshore infringers regularly move funds from U.S.-based Amazon, PayPal and Payoneer accounts to bank accounts outside the jurisdiction of this Court.

19. On information and belief, Defendant is in communication with other infringers and regularly participates in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation and potential new lawsuits.

20. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use Plaintiff's Copyright in connection with the advertisement, distribution, offering for sale, and sale of infringing products into the United States and Illinois over the Internet. The Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, the Defendant has offered to sell infringing products into the United States, including Illinois.

21. Defendant's use of Plaintiff's Copyright in connection with the advertising, distribution, offering for sale, and sale of infringing products, including the sale of infringing

products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

22. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-21 of this Complaint.

23. Plaintiff's products have significant value and have been produced and created at considerable expense.

24. Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the copyrighted products, including derivative works. Plaintiff's products are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyright (Exhibit 1). The copyrighted works include copyright notices advising the viewer that Plaintiff's products are protected by the Copyright Laws.

25. Upon information and belief, Defendant had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendant wrongfully created copies of the copyrighted products without Plaintiff's consent and engaged in acts of widespread infringement.

26. Plaintiff is informed and upon belief thereon alleges that Defendant further infringed Plaintiff's Copyright by making or causing to be made derivative works from Plaintiff's products by producing and distributing reproductions without Plaintiff's permission.

27. Plaintiff's products include a copyright notice advising the general public that Plaintiff's products are protected by the Copyright Laws.

28. Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online infringing derivative works of Plaintiff's copyrighted products. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

29. As a direct result of the acts of copyright infringement, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the copyrighted products. Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to its infringement of Plaintiff's products.

30. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

31. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

32. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be compensated fully or monetized. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyright and ordering Defendant to destroy all unauthorized copies. Defendant's copies, plates, and other embodiment of Plaintiff's products from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C. §503.

**COUNT II**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510/1, et seq.)**

33.     Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-32 of this Complaint.

34.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its infringing PISKE & USAGI products as those of Plaintiff, copying of constituent elements of the PISKE & USAGI work that are original, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine PISKE & USAGI products, representing that its products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

35.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq.

36.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to his reputation and goodwill.  Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Pursuant to 17 U.S.C. §502(a) and 17 U.S.C. §503, Defendant, its officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the PISKE & USAGI copyrighted products/artwork or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution,

11

marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff to be sold in connection with the PISKE & USAGI Copyright;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PISKE & USAGI Copyright;

c. committing any acts calculated to cause consumers to believe that Defendant's infringing products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the PISKE & USAGI Copyright and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered including the PISKE & USAGI copyrighted artwork, or any reproductions, copies, or colorable imitations thereof, or which are derived from the copyrighted artwork; and

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell infringing products.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces such as Amazon, PayPal and Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search

12

engines such as Google, Bing and Yahoo, web hosts for the Defendant's Online Marketplace Accounts, shall:

  a. disable and cease providing services for any accounts through which Defendant engages in the sale of products using the PISKE & USAGI copyrighted artwork or which are derived from the copyrighted artwork, including any accounts associated with the Defendant listed in Schedule A; and

  b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing products using Plaintiff's copyrighted artwork or which are derived from the copyrighted artwork.

  3)  That Defendant accounts for and pays to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged as provided by 17 U.S.C. § 504(b).

  4)  In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504(c) of not less than $200 and not more than $150,000 for each and every use of the PISKE & USAGI Copyright.

  5)  That Plaintiff is awarded its reasonable attorneys' fees and costs; and

  6)  Award any and all other relief that this Court deems just and proper.

Dated: July 7, 2026

Respectfully submitted,

By: */s/ Michael A. Hierl*
Michael A. Hierl
William B. Kalbac
Robert P. McMurray
Elizabeth A. Miller
John Wilson
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com

Attorneys for Plaintiff
AKAMATSU TAKAYOSHI

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 7, 2026.

s/Michael A. Hierl
Michael A. Hierl
